## CITY NATIONAL BANK *v.* GOSHEN WOOLEN MILLS COMPANY ET AL.

[No. 18,964. Filed June 30, 1904.]

CORPORATIONS.— *Insolvency.*— *Preferences.*— An insolvent manufacturing corporation may lawfully prefer *bona fide* claims due to creditors who are directors and officers of such corporation, when it requires the vote of one or more of such to pass the resolution authorizing such preference. *Nappanee Canning Co.* v. *Reid, Murdoch & Co.*, 159 Ind. 614, affirmed. *Hadley*, J., dissents.

From St. Joseph Circuit Court; *Lucius Hubbard*, Judge.

Action by the City National Bank of Goshen against the Goshen Woolen Mills Company and others. From a decree in favor of plaintiff against said company and Edmund R. and James L. Kerstetter, and refusing to cancel an alleged fraudulent trust deed preferring certain other creditors, the plaintiff appeals. Transferred from the Appellate Court under subdivision 1, §1337j Burns 1901, with a recommendation that the case of *Nappanee Canning Co.* v. *Reid, Murdoch & Co.*, 159 Ind. 614, be overruled. *Affirmed.*

*A. L. Brick, C. W. Miller* and *J. S. Drake*, for appellant. *J. M. Van Fleet* and *V. W. Van Fleet*, for appellees.

PER CURIAM.—This action was brought by the appellant the City National Bank to recover a debt alleged to be due to the bank from the appellees, the Goshen Woolen Mills Company, Edmund R. Kerstetter, and James L. Kerstetter. The appellant also sought to cancel and set aside as

fraudulent a deed executed by the Goshen Woolen Mills Company to one Harry L. Arnold, as trustee, to secure the payment of certain *bona fide* debts owing by the said company, to set aside certain judgments confessed by the said company in favor of other *bona fide* creditors, and it asked for the appointment of a receiver to take possession of the property of the said company, etc. A special finding of facts was made by the court at the request of the parties, and conclusions of law were stated thereon. The appellant excepted to the second conclusion of law. Judgment was rendered in favor of the bank and against the Goshen Woolen Mills Company, Edmund R. Kerstetter, and James L. Kerstetter for $5,325.24. Judgment was rendered in favor of the other defendants and appellees and against the bank. Motions to modify the judgment and for a new trial were overruled.

The cause was taken to the Appellate Court on appeal, and two of the judges of the first division of that court being of the opinion that the decision of the Supreme Court in the case of *Nappanee Canning Co.* v. *Reid, Murdoch & Co.* (1903), 159 Ind. 614, a ruling precedent, was erroneous, the said cause was transferred to this court, with a written statement of the reasons of said first division of the Appellate Court for its opinion.

The second conclusion of law was that, as to the defendants other than the Goshen Woolen Mills Company, Edmund R. Kerstetter, and James L. Kerstetter, the plaintiff take nothing, and that those defendants recover their costs. The effect of the second conclusion was to sustain the deed executed by the Goshen Woolen Mills Company to Harry L. Arnold, as trustee, for certain creditors, and to sustain, also, the judgments confessed by the Goshen Woolen Mills Company in favor of certain preferred creditors.

The only question presented here is whether an insolvent manufacturing corporation may lawfully prefer *bona fide* claims due to creditors who are directors and officers of the

corporation, when the vote of one or more of such directors is required to pass the resolution or order authorizing such preference.   This subject was very thoroughly considered in the case of the *Nappanee Canning Co.* v. *Reid, Murdoch & Co., supra,* which we are now asked to overrule.   A reëxamination of the authorities referred to in the opinion in that case, and a careful consideration of those cited in the written statement of the appellate judges, satisfy us that our decision was correct, and that we should adhere to the views we then expressed.   On the authority of that case the judgment of the St. Joseph Circuit Court is affirmed.

Hadley, J., dissents.